IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUSTIN EDWARDS                                              PLAINTIFF

v.                           Case No. 04-6136

CITY OF ROCKPORT, ARKANSAS
a Municipal Corporation;
MIKE HOLLINGSWORTH, in His
Individual Capacity                                        DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Mike Hollingsworth (hereinafter "Hollingsworth"). Plaintiff further alleges a state law claim of battery against Hollingsworth and his employer, Separate Defendant City of Rockport (hereinafter "Rockport"). Currently before the Court is Defendant Rockport's motion for partial summary judgment in the state law claim.[1] (Doc. 17).

**I. BACKGROUND**

This case arises out of events surrounding the arrest of Plaintiff on the evening of August 13, 2004, in Hot Springs County. Plaintiff alleges that he and three friends were driving following a visit in Hot Springs County. Plaintiff states that during the visit he engaged in recreational shooting using a gun licensed to

---

[1] The Court recognizes that the only claim against Rockport is a state law battery claim. The Court exercises its supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) in deciding this matter.

his mother. Plaintiff states that the car in which he was a passenger was stopped by Hot Springs County Deputy Sheriff Jimmy Shearin (hereinafter "Shearin") on Highway 270 in Rockport for failure to have an operational license plate light and for failure to utilize the turn signal device. Shearin determined the driver also had a suspended license.

Hollingsworth, a Rockport Police Officer, arrived to assist Shearin. Hollingsworth observed one of the passengers trying to conceal something and all four men were asked to exit the vehicle. Officers determined Plaintiff possessed a gun. Hollingsworth contends that the handgun fell from the pant leg of the Plaintiff as he was exiting the vehicle. Plaintiff was taken to the ground by Hollingsworth and handcuffed. Hollingsworth contends Plaintiff's upper forehead sustained a bump, a small laceration and pebble imprints. Plaintiff, however, argues he was not injured at that time. The other three men were ordered to the ground and handcuffed. Officers took possession of the Plaintiff's gun.

Plaintiff alleges his head rested on the paved median strip while most of his body was in the grass. Plaintiff states he told Shearin that ants were biting and then Hollingsworth lifted him up by his hair, told him to shut up, and slammed his head into the pavement twice, causing his head to bleed. Hollingsworth contends he told Plaintiff to stop talking to his friends, but denies he slammed Plaintiff's head into the pavement. Plaintiff was transported to the Hot Springs County Sheriff's Department where he received a ticket for carrying a prohibited weapon and paid a fine of $300.

Rockport has a use of force policy in place that prohibits use of excessive force, (Doc. 16, Ex. A, p. 4). Rockport further alleges that there were no prior complaints regarding Hollingsworth using excessive force. (Doc. 16, Ex. B).

Plaintiff contends that Hollingsworth was acting within the scope of his employment with Rockport when he injured Plaintiff so that Rockport is liable for a state law claim of battery under the theory of *respondeat superior*. Rockport contends it cannot be held vicariously liable for an intentional tort committed by an employee acting within the scope of his employment when the act was neither expectable nor foreseeable.[2] Rockport moves for summary judgment.

**II. Discussion**

In determining whether summary judgment is appropriate, the Court must view the facts and inferences in the light most favorable to the non-moving party. *See Rabushka v. Crane Co., 122 F.3d 559, 562 (8th Cir. 1997).* The moving party bears the burden of establishing the absence of issues of material fact in the record and of establishing that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986). Once the moving party has met this burden, the non-moving party may no longer rest on the allegations in its pleadings, but must set forth specific facts by affidavit and other evidence, showing that a genuine issue of material fact

---

[2] Rockport further contends it cannot be held liable for a 42 U.S.C. §1983 claim. Hollingsworth contends he is entitled to qualified immunity for the claim that Plaintiff was placed in an ant bed. Plaintiff contends his complaint does not present those two claims. As such, the Court will not address those issues.

exists. *See* Fed.R.Civ.P. 56(e). In this case then, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, (1986) rather, he must convince the court that there is sufficient evidence to support a jury verdict in his favor. *See Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.,* 165 F.3d 607 (8th Cir. 1999). If a plaintiff fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, then the defendant is entitled to judgment as a matter of law and all other facts are rendered immaterial. *See Thelma D. By Delores A. v. Bd. of Educ.,* 934 F.2d 929, 932 (8th cir. 1991).

Arkansas courts have analyzed employer liability for acts committed by an employee under the theory of master-servant liability since 1910. *Porter v. Harshfield, 329 Ark. 130, 136 (1997).* The master is subject to liability for his servant's intentional tort "if the act was not unexpectable in view of the duties of the servant." *Life & Cas. Ins. Co. Of Tenn. v. Padgett, 241 Ark. 353, 355 (1966) (citing the Restatement, Agency (2d), 245 (1958).[3]* The test, commonly referred to as the respondeat superior doctrine, is that an employer may be held liable for punitive damages for the acts of his employee if the employee was acting within the scope of his or her employment at the time of the

---

[3]Plaintiff correctly notes that even though the Court in *Porter* cites the Restatement, Torts (2d), 245 (1958), it is the Restatement, Agency (2d), 245 (1958).

incident. *Porter,* 329 Ark. at 137. Whether the employee's action is within the scope of the employment depends on whether the individual is carrying out the "object and purpose of the enterprise," as opposed to acting exclusively in his own interest. *Id*. It is not necessarily dependent on the situs of occurrence. *See Razorback Cab of Fort Smith, Inc. v. Lingo, 304 Ark. 323 (1991).*

Plaintiff contends Hollingsworth was acting within the scope of his employment with Rockport during the time period in which he subjected Plaintiff to the conduct describe in the complaint. (Doc. 1, ¶ 20). Rockport admits Hollingsworth was employed by the Rockport Police Department at all relevant times. (Doc. 4, ¶ 6). We therefore address whether Hollingsworth was carrying out the "object and purpose of the enterprise."

Rockport argues an intentional tort by Hollingsworth was not expectable nor foreseeable. Rockport contends that no one had previously lodged a complaint against Hollingsworth for the unlawful use of force, or for a harmful or offensive physical touching. Rockport further contends the use of excessive force and the commission of an intentional tort were not within the assigned duties of Hollingsworth because the use of excessive force was prohibited.

Plaintiff argues an intentional tort was to be expected because the nature of the employment of a police officer involves the use of force. Plaintiff contends that the force used by an officer is determined at his discretion. Plaintiff argues officers are expected to confront difficult situations where they use their

own discretion as to the use of force in the accomplishment of the authorized purpose.

It is not disputed that some use of force is expected by a police officer when performing his duties such as effecting an arrest or pursuing a suspect. The Rockport Use of Force policy specifically states that "law enforcement officers shall use only that force that is reasonably necessary to effectively bring an incident under control, while protecting the lives of the officer or another." (Doc. 16, Ex. A, p. 4). The Plaintiff alleges he was handcuffed and lying face down on the pavement along with three individuals. Officers had possession of the gun. With all parties handcuffed and the weapon secured, the situation was resolved for the moment. It is not foreseeable by Rockport that Hollingsworth would then commit a battery upon Plaintiff. Accordingly, we find that Rockport would not be liable under a *respondeat superior* theory for the battery allegedly committed against Plaintiff by Hollingsworth.

Based on the foregoing, the Separate Defendant Rockport's motion for partial summary judgment is GRANTED and Separate Defendant Rockport is DISMISSED as a Defendant from this matter. The 42 U.S.C. § 1983 claim and state law battery claim against Separate Defendant Hollingsworth remain set for trial on October 6, 2005.

IT IS SO ORDERED AND ADJUDGED this 29th day of September 2005.

/S/Robert T. Dawson
Robert T. Dawson
United States District Judge